UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRUSTEES of the LOCAL 1102 RETIREMENT  :
TRUST, :
 :
                                        Plaintiffs, :   No.: _____
 :
                 - against - :
 :
TRINITY PLACE HOLDINGS, INC. f/k/a SYMS :
CORPORATION, :
 :
                                   Defendants. :
------------------------------------------------------------------X

## COMPLAINT

Plaintiffs, the Trustees (the "Trustees") of the Local 1102 Retirement Trust (the "Fund"), by and through their undersigned attorneys, Proskauer Rose LLP and Rothman Rocco LaRuffa, LLP, bring this action against Defendant Trinity Place Holdings, Inc. f/k/a Syms Corporation ("Trinity"), and allege as follows:

### I. INTRODUCTION

1. This is a breach of contract action to recover amounts that Trinity agreed to pay to the Fund as part of its Chapter 11 reorganization.

2. In 2012, the Fund assessed Trinity with $6,408,848 in statutorily-owed withdrawal liability. In accordance with ERISA § 4219(c), 29 U.S.C. § 1399(c), the withdrawal liability was payable with interest in forty-four (44) quarterly installments of $203,232 and a final payment of $35,264, resulting in total payments of $8,977,472.

3. Trinity failed to make its first quarterly payment, and after Trinity failed to timely cure its default, the Trustees elected to accelerate the debt pursuant to ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5), making the entire amount of the outstanding withdrawal liability of

$6,408,848 immediately due and owing, with interest and other penalties associated with collection.

4. In the meantime, Trinity filed a petition for reorganization under Chapter 11 of the Bankruptcy Code.

5. As part of the reorganization, the Trustees entered into a settlement with Trinity to resolve its outstanding withdrawal liability. Pursuant to the terms of the settlement, which are embodied in the confirmed reorganization plan, the Trustees agreed to reverse the acceleration of Trinity's withdrawal liability in consideration for Trinity's promise to make three (3) catchup payments of $203,232 each (with interest) and to resume making all quarterly payments pursuant to the withdrawal liability payment schedule commencing in February 2013. This latter promise required Trinity to make forty-one (41) quarterly payments of $203,232 and a final payment of $35,264 commencing in February 2013, resulting in total payments of $8,367,776.

6. After making quarterly payments totaling $6,408,848 (excluding the interest accrued on the "catchup" payments), Trinity refused to make any additional payments, arguing that the settlement in the reorganization plan absolved it of any obligation to make $2,568,624 in quarterly payments remaining under the withdrawal liability schedule.

7. The Trustees, on behalf of the Fund, seek to enforce Trinity's obligations under the settlement in the reorganization plan and to recover the outstanding balance of $2,568,624 in withdrawal liability that Trinity agreed and was obligated to pay to the Fund, as well as such other relief that the Court deems just and appropriate.

## II. JURISDICTION AND VENUE

8. This Court has personal jurisdiction over Trinity because it maintains its principal place of business in the State of New York.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Trustees seek to enforce the terms of a settlement contained in a reorganization plan that was confirmed in accordance with Title 11 of the U.S. Code to resolve the Fund's entitlement to collect withdrawal liability under ERISA § 4301, 29 U.S.C. § 1451.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Trinity maintains its principal place of business in this district.

## III. PARTIES

11. The Fund is an employee benefit plan within the meaning of ERISA §§ 3(1) to (3) and 502(d)(1), 29 U.S.C. §§ 1002(1) to (3) and 1132(d)(1), and a multi-employer plan within the meaning of ERISA § 3(37), 29 U.S.C. §§ 1002(37). The Fund is administered from 311 Crossways Park Drive, Woodbury, New York 11797.

12. Plaintiffs are the trustees of the Fund, and bring this action in their capacities as fiduciaries pursuant to ERISA §§ 3(21) and 4301(a)(1), 29 U.S.C. §§ 1002(21) and 1451(a)(1).

13. The Fund provides pension benefits to eligible retirees and beneficiaries who worked in the New York retail industry for employers affiliated with the Local 1102 of the Retail, Wholesale, Department Store Union, United Food and Commercial Workers (the "Union"). The Fund's average pensioner is seventy-six (76) years old and receives a benefit of approximately $156 per month. Due to a steep decline in brick-and-mortar retail, including the dissolution of some of the Fund's largest contributing employers, the Fund has become severely underfunded and is presently at risk of becoming insolvent. Should that happen, retirees and their beneficiaries who rely on their benefits for their daily subsistence will risk receiving little to none of their already modest benefits.

14. Trinity is a Delaware corporation with headquarters at 340 Madison Avenue, New York, New York. Trinity is publicly-traded on the New York Stock Exchange and recently paid its Chief Executive Officer almost $9 million dollars in total annual compensation.

## IV. FACTUAL BACKGROUND

15. Trinity was a party to a collective bargaining agreement (the "CBA") with the Union, with respect to which the Fund was a third-party beneficiary. The CBA required Trinity to remit contributions to the Fund on behalf of those employees covered by the CBA.

16. As of February 21, 2012, Trinity permanently ceased to have an obligation to contribute to the Fund and thereby effectuated a complete withdrawal from the Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383.

17. In accordance with ERISA § 4219(b)(1) and (c)(1), 29 U.S.C. § 1399(b)(1) and (c)(1), by certified letter dated February 21, 2012, the Fund notified Trinity that it had effectuated a complete withdrawal from the Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383(a), and that its allocated share of the unfunded vested benefits of the Fund was estimated to be $5,928,264, which amount was payable in thirty-nine (39) quarterly installments of $203,232 and a final payment of $68,566, and that Trinity's first installment was due on or before April 21, 2012. The letter stated that the withdrawal liability assessed was only a projection, and would be finalized after the completion of the actuarial valuation for the most recent plan year, which could result in a change to the amount of the withdrawal liability and the number of quarterly payments (but not the amount of each payment).

18. On May 24, 2012, Trinity filed a petition for reorganization in the United States Bankruptcy Court for the District of Delaware, captioned *In re: Filene's Basement, LLC, et. al.*, No. 11-13511 (KJC) (the "Delaware Action").

4

19. By certified letter dated June 21, 2012, the Fund notified Trinity that the actuarial valuation for the most recent plan year had been completed, and that Trinity's withdrawal liability was recalculated to be $6,408,848, payable, with interest over time, in forty-four (44) quarterly installments of $203,232 and a final payment of $68,566 (the "Final Assessment") (the 44 quarterly installments of $203,232 and final payment of $68,566, as set forth in the Final Assessment, aggregate to $8,977,472, which is the future value of the $6,408,848 when amortized over 45 quarters at the interest rate prevailing under the Plan) . The letter also stated that Trinity had failed to make its first quarterly installment on or before April 21, 2012 and that interest would continue to accrue on the outstanding amount.

20. On July 10, 2012, the Trustees filed the Final Assessment along with a proof of claim in the Delaware Action (the "Claim"), numbered 2995. The Trustees asserted that: (i) Trinity: was liable for two (2) quarterly payments of $203,232 each, along with statutory interest accruing at 3.25%; and (ii) by operation of law, Trinity's outstanding withdrawal liability of $6,408,848 had been accelerated and was immediately due in a lump sum because of Trinity's failure to timely cure its default, which resulted in a forfeiture of Trinity's right to pay the outstanding liability over approximately eleven (11) years.. The Claim stated that the full value of Trinity's withdrawal liability obligations equaled "44 quarterly installment payments, each in the amount of **$203,232**, plus a final payment of $35,264," for a total gross payment obligation of $8,977,472.

21. The Trustees and Trinity subsequently agreed to settle the Claim, the terms of which were set forth in the Plan of Reorganization that the court in the Delaware Action confirmed on August 30, 2012 (the "Plan of Reorganization"). Pursuant to the settlement, the Trustees agreed to reverse the acceleration of Trinity's withdrawal liability in consideration for Trinity's promise

5

to cure its default and resume making payments in accordance with the Final Assessment. Specifically, Trinity agreed to pay to the Fund: (i) three (3) catch-up payments of $203,232 each, along with interest accrued at 3.25% from the date each of the quarterly payments for April, June, and November 2012 were originally due under the Final Assessment; and (ii) forty-one (41) quarterly payments of $203,232 and a final payment of $35,264 commencing in February 2013, which equated to a total payment obligation of $8,367,776.

   22. This settlement was set forth in the Plan of Reorganization, which provided:

> (a) On the Effective Date, Syms will pay to Local 1102 Retirement Trust the amount of $203,232, representing one minimum funding payment due April 21, 2012, plus interest accruing at a rate of 3.25% per year from April 21, 2012.
>
> (b) On November 15, Syms will pay Local 1102 Retirement Trust $406,464, representing (i) one minimum funding payment due July 1, 2012, plus interest accruing at a rate of 3.25% per year from July 1, 2012, and (ii) one minimum funding payment due November 1, 2012, plus interest accruing at a rate of 3.25% per year from November 1, 2012.
>
> (c) Syms will thereafter make quarterly payments to Local 1102 Retirement Trust in the amount of $203,232, beginning February 1, 2013 and on the first of every third month thereafter, ***until Local 1102 Retirement Trust's entire $6,408,848 claim is paid in full***.

Plan of Reorganization § II(B), ¶ 1 (emphasis added).

   23. Following confirmation of the Plan of Reorganization, Trinity made three (3) quarterly payments of $203,232, along with interest accrued at 3.25%. Further, after catching-up on its outstanding installment payments, Trinity thereafter timely made twenty-eight (28) quarterly payments of $203,232 each, but failed to make the twenty-ninth (29th) installment payment in full. Specifically, in or around January 2020, Trinity made a payment to the Fund of $108,656. The

total amount of Trinity's payments (excluding the interest on the first three (3) payments) totaled $6,408,848.

24. By letter dated February 7, 2020, the Fund notified Trinity that it was in default of its obligations under settlement in the confirmed Plan of Reorganization because it had remitted only $108,656 of the $203,232 quarterly installment due on or before January 31, 2020, and offered it an opportunity to cure the default within sixty (60) days.

25. Trinity failed to cure the default, stating that it had satisfied its obligations under the settlement in the Plan of Reorganization, and that it would not make any further payments to the Fund.

26. Trinity's refusal to cure its default and to pay any additional amounts to the Fund constitutes a breach of its obligations under the settlement in the Plan of Reorganization.

## COUNT I

### Breach of Contract

27. The Trustees repeat and reallege the foregoing allegations as if fully set forth herein.

28. The Trustees and Trinity entered into a settlement to resolve Trinity's obligation to pay withdrawal liability to the Fund, the terms of which are set forth in the Plan of Reorganization confirmed by the bankruptcy court presiding over the Delaware Action.

29. Pursuant to the settlement, the Trustees agreed to reverse their decision to accelerate Trinity's outstanding withdrawal liability – thereby allowing Trinity to pay its liability over approximately eleven (11) years in accordance with the Final Assessment, rather than in a lump sum. In consideration for the Trustees' decision, Trinity agreed to make the payments required by and in accordance with the Final Assessment. Specifically, the settlement required Trinity to pay

to the Fund: (i) three (3) quarterly "catchup" payments of $203,232 each, with interest from the date each payment was originally due; and (ii) commencing in February 2013, forty-one quarterly payments of $203,232 and a final payment of $35,264, which totaled $8,367,776 in payments.

30.     Trinity breached the terms of the settlement when it paid only $108,656 towards the $203,232 quarterly installment due on or before January 31, 2020.

31.     Trinity further breached the terms of the settlement when it repudiated having any further obligations under the settlement to make any of the $2,568,624 in payments that remain outstanding to the Fund.

32.     Plaintiffs, the Trustees of the Fund, demand judgment against Trinity for the $2,568,624 in outstanding payments Trinity is required to make under the settlement in the Plan of Reorganization, as well as, interest, liquidated damages, attorneys' fees and costs, and all other relief that the Court may deem just and appropriate.

Dated:   May 1, 2020

**PROSKAUER ROSE LLP**

By:   */s/ Anthony S. Cacace*
            Anthony S. Cacace
Neal S. Schelberg
Neil V. Shah
Eleven Times Square
New York, NY 10036
(212) 969-3000
nschelberg@proskauer.com
nshah@proskauer.com

Matthew P. Rocco
Rothman Rocco LaRuffa LLP
3 West Main Street, Suite 200
Elmsford, New York 10523
(914) 478-2801
mrocco@rothmanrocco.com

*Counsel for the Plaintiffs*

8